UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| LEE MARVIN HARRIS, SR., | ) |
| Plaintiff, | ) Case No. 1:21-cv-955-WO-JEP |
| vs. | ) ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL |
| TOWN OF SOUTHERN PINES, et al., | ) |
| Defendants. | ) |

COME NOW Defendants Town of Southern Pines, Jason Perry, Sean Lowery, Kyle Marsh, and Robert Temme, and answering the Complaint on file herein, admit, deny and allege as follows:

1. Defendants admit the allegations of paragraphs 3, 10, 14-16, 28, 31, 33-34, 36-39, 41-42, 44-45, 52, 70, 78, 80, 84-85, 87-88, 100, 118-120, 171, 173, 182, and 184.

2. Answering the allegations contained in paragraph 4, Defendants admit only that Plaintiff's son was identified as a participant in drug activity that was already under investigation.

3. Answering the allegations contained in paragraph 9, Defendants admit only that Plaintiff alleges his rights were violated, while expressly denying any such violation occurred.

4. Answering the allegations contained in paragraph 11, Defendants admit the Town employs its police officers and that it may, depending upon the circumstances, incur liability for their acts or omissions.

5. Answering the allegations contained in paragraph 12, Defendants admit the Town is subject to *respondeat superior* liability for the torts of its employees committed within the course and scope of their employment only to the extent its governmental immunity has been waived by the purchase of liability insurance.

6. Answering the allegations contained in paragraph 17, Defendants admit only that Temme was Chief of Police back in 2018, and is now retired.

7. Answering the allegations contained in paragraph 18, Defendants admit only that this Court has subject matter jurisdiction over Plaintiff's claims.

8. Answering the allegations contained in paragraph 19, Defendants admit only that this Court has supplemental jurisdiction over Plaintiff's state law claims.

9. Answering the allegations contained in paragraph 20, Defendants admit only that venue is proper in this Court.

10. Answering the allegations contained in paragraph 27, Defendants admit same but lack sufficient knowledge or information to form a belief as to the truth of the allegation about the resident being a friend of Plaintiff.

11. Answering the allegations contained in paragraph 32, Defendants admit that Plaintiff's complaint alleged Perry used unreliable informants, but expressly deny it alleged the other information appearing in said paragraph.

12. Answering the allegations contained in paragraph 40, Defendants admit only that the listed locations were among those being looked at.

13. Answering the allegations contained in paragraph 48, Defendants admit only their belief that Plaintiff's son stayed at his house more than once or twice a month.

14. Answering the allegations contained in paragraph 50, Defendants admit that Plaintiff was observed handing cash to a known drug dealer.

15. Answering the allegations contained in paragraph 64, Defendants admit only that Perry applied for a search warrant on February 20, 2018.

16. Answering the allegations contained in paragraph 65, Defendants admit only that the warrant was based on the entire investigation into drug activity.

17. Answering the allegations contained in paragraph 67, Defendants admit only that the named officers—apart from Chief Temme—were present for the warrant service at Plaintiff's residence.

18. Answering the allegations contained in paragraph 69, Defendants admit only that officers from multiple agencies arrived and entered the house.

19. Answering the allegations contained in paragraph 71, Defendants admit only that Perry and Marsh eventually—but not immediately—approached the Cadillac.

20. Answering the allegations contained in paragraph 72, Defendants admit the car cover, the lack of a battery, and that the registration sticker on the license plate was from 2015, but Defendants lack sufficient knowledge or information to form a belief as to whether the registration status on file with DMV was active or inactive.

21. Answering the allegations contained in paragraph 75, Defendants admit only that Marsh found the cocaine during an initial search, and subsequent to that Perry conducted his own search.

22. Answering the allegations contained in paragraph 86, Defendants deny Plaintiff's house was raided, but admit that while it was being searched, a search warrant was executed at another drug house on Indiana Ave.

23. Answering the allegations contained in paragraph 101, Defendants lack sufficient knowledge or information to form a belief as to the dates of Plaintiff's bail reductions, but expressly deny they were unable to produce any evidence against him.

24. Answering the allegations contained in paragraph 103, Defendants admit only that Plaintiff's charges were dismissed on December 18, 2018. Except as so admitted, Defendants deny each and every allegation contained in said paragraph and the whole thereof.

25. Answering the allegations contained in paragraph 116, Defendants admit only the fact of Plaintiff's son's arrest in 2013. Except as so admitted, Defendants deny each and every allegation contained in said paragraph and the whole thereof.

26. Answering the allegations contained in paragraph 122, Defendants admit only that Plaintiff's son's overnight stays at Plaintiff's house was one of many factors supporting issuance of the search warrant.

27. Answering the allegations contained in paragraph 123, Defendants admit only that Marsh found the cocaine.

28. Answering the allegations contained in paragraph 124, Defendants admit only that the driver's door was unlocked, and they lack sufficient knowledge or information to form a belief as to who had access to the Cadillac.

29. Answering the allegations contained in paragraph 126, Defendants admit only that officers suspected Plaintiff's son had recently engaged in a drug transaction with a male Hispanic.

30. Answering the allegations contained in paragraph 144, Defendants admit only that Plaintiff has a right not to be prosecuted with fabricated evidence.

31. Answering the allegations contained in paragraph 146, Defendants admit they knew Plaintiff's son was dealing drugs, but they lack sufficient knowledge or information to form a belief as to the allegation about the packaging of cocaine.

32. Answering the allegations contained in paragraph 172, Defendants admit that Plaintiff's complaint alleged Perry used unreliable informants, but expressly deny it alleged the other information appearing in said paragraph.

33. Answering the allegations contained in paragraph 177, Defendants admit only that they knew Plaintiff's son was involved in trafficking. Except as so admitted, Defendants deny each and every allegation contained in said paragraph and the whole thereof.

34. Answering the allegations contained in paragraph 183, Defendants admit that Plaintiff's complaint alleged Perry used unreliable informants, but expressly deny it alleged the other information appearing in said paragraph.

35. Answering the allegations contained in paragraphs 1-2, 7, 22-26, 43, 46-47, 68, 73-74, 76, 79, 96, 102, 125, 134, 141, 166, and 169, Defendants lack sufficient knowledge or information to form a belief as to the truth of said allegations.

36. Answering the allegations contained in paragraphs 5-6, 8, 13, 29-30, 35, 49, 51, 53-63, 66, 77, 81-83, 89-95, 97-99, 104-115, 117, 121, 127-133, 135-140, 142-143, 145, 147-

- 5 -

Case 1:21-cv-00955-WO-JEP   Document 5   Filed 01/07/22   Page 5 of 7

165, 167-168, 170, 174-176, 178-181, and 185-190, Defendants deny each and every allegation contained in said paragraphs and the whole thereof.

FIRST AFFIRMATIVE DEFENSE

37. Plaintiff is barred from recovery herein on his state law claims by the doctrine of sovereign or governmental immunity to the extent the Town's liability, if any, falls outside its insurance coverage monetary limits.

SECOND AFFIRMATIVE DEFENSE

38. The state law individual capacity claims are barred by public official immunity.

THIRD AFFIRMATIVE DEFENSE

39. The federal law individual capacity claims are barred by qualified immunity.

FOURTH AFFIRMATIVE DEFENSE

40. All claims that accrued prior to December 16, 2018 are barred by the statute of limitations.

WHEREFORE, Defendants pray for the following relief:

1. That Plaintiff take nothing by way of his Complaint;

2. That Defendants recover their costs of suit;

3. That Defendants receive trial by jury; and

4. For such other relief that the Court may deem just and proper.

Dated: January 7, 2022

s/Scott D. MacLatchie
Scott D. MacLatchie
North Carolina Bar No. 22824
Hall Booth Smith, P.C.
11215 North Community House Road
Suite 750
Charlotte, North Carolina 28277
Telephone No. (980) 949-7820
smaclatchie@hallboothsmith.com
*Attorney for Defendants*