```
 1            NORTH CAROLINA GENERAL COURT OF JUSTICE
 2                   SUPERIOR COURT DIVISION
 3              *********************************
 4
 5   STATE OF NORTH CAROLINA      )
                                  )   COUNTY OF MOORE
 6        vs.                     )
                                  )   18 CRS 50513-14
 7   LEE MARVIN HARRIS, SR.,      )
              Defendant.          )
 8   _____ )
 9              *********************************
10                 TRANSCRIPT OF BOND HEARING
11                     Pages 1 through 16
12                       July 10, 2018
13              *********************************
14           Honorable JAMES M. WEBB, Judge Presiding
15
16   APPEARANCES:
17       WARREN MCSWEENEY
         Assistant District Attorney
18       P. O. Box 429
         Carthage, NC  28327
19       Warren.McSweeney@nccourts.org
         On behalf of the State
20
21       PETER BROWNBACK, Attorney at Law
         235 E. Pennsylvania Ave
22       Southern Pines, NC  28387
         910-695-7030
23       On behalf of the Defendant Harris, Sr.
24
25
```

|  |  |  |
|---|---|---|
|  | 1 | (These proceedings commenced at 10:24 a.m. on |
|  | 2 | July 10, 2018.  The defendant present with |
|  | 3 | counsel.) |
| 10:24:03 | 4 | MR. MCSWEENEY:  Ma'am Sheriff, if you could bring |
|  | 5 | out Mr. Lee Marvin Harris, Sr., please? |
| 10:24:07 | 6 | THE COURT:  Lee Marvin Harris, Sr.? |
| 10:24:49 | 7 | MR. MCSWEENEY:  Yes, sir.  He's being brought out |
|  | 8 | from the holding cell. |
| 10:24:52 | 9 | THE COURT:  For what purpose? |
| 10:24:54 | 10 | MR. MCSWEENEY:  Your Honor, as we mentioned earlier, |
|  | 11 | to readdress his pretrial conditions of release. |
| 10:25:01 | 12 | THE COURT:  Somebody wrote on my calendar V.D.  I |
|  | 13 | assume that stands for voluntary dismissal? |
| 10:25:08 | 14 | MR. MCSWEENEY:  That is -- Judge, Your Honor that, |
|  | 15 | is -- yes, matters -- |
| 10:25:11 | 16 | MR. BROWNBACK:  I'll take that, Judge. |
| 10:25:12 | 17 | MR. MCSWEENEY:  Outside 157 through 161 have been |
|  | 18 | dismissed, and those are Lee Marvin Harris, Jr. |
| 10:25:21 | 19 | THE COURT:  Well, no, 162 through 163 got V.D.s. |
| 10:25:27 | 20 | MR. MCSWEENEY:  Your Honor, I'm not disputing what |
|  | 21 | it says on your calendar. |
| 10:25:30 | 22 | THE COURT:  I don't know whose mark that is, but you |
|  | 23 | say that's an error; is that right? |
| 10:25:34 | 24 | MR. MCSWEENEY:  That is an error, Your Honor. |
| 10:25:35 | 25 | THE COURT:  Well, I'll strike through the V.D.s. |

| | | |
|---|---|---|
| 10:26:00 | 1 | All right. What's his current bond? Last time |
| | 2 | I -- |
| 10:26:03 | 3 | MR. MCSWEENEY: Your Honor, I believe that you set |
| | 4 | his bond -- |
| 10:26:08 | 5 | MR. BROWNBACK: On May 1st you reduced the bond to |
| | 6 | $500,000, Judge. |
| 10:26:12 | 7 | THE COURT: With additional conditions? |
| 10:26:14 | 8 | MR. BROWNBACK: No contact with the codefendants. |
| 10:26:18 | 9 | THE COURT: All right. Does he have family here |
| | 10 | today like he did the last time? |
| 10:26:23 | 11 | MR. BROWNBACK: He does. He has his brother, raise |
| | 12 | your hand, and his wife, Ms. Valerie. Raise your hand. |
| 10:26:29 | 13 | THE COURT: All right. He couldn't make that, |
| | 14 | although there was some thought that he could? |
| 10:26:33 | 15 | MR. BROWNBACK: He is just unable to make that, |
| | 16 | Judge. His wife is employed with the Moore County school |
| | 17 | system. He is disabled. He receives social security and |
| | 18 | some money from the military because he is a veteran of the |
| | 19 | armed services, Your Honor. |
| 10:26:46 | 20 | Judge, we still -- I was appointed on February |
| | 21 | the 22nd. We filed for discovery request on February the |
| | 22 | 27th. He was indicted on March the 5th. I still don't have |
| | 23 | any other information about this case, Judge. I have no |
| | 24 | discovery. I have nothing. |
| 10:27:04 | 25 | Your Honor, there were three codefendants in |

|            |    |                                                              |
|------------|----|--------------------------------------------------------------|
|            | 1  | this matter, and it's my understanding that they have been   |
|            | 2  | indicted and taken into federal custody, which is why Junior |
|            | 3  | has V.D. written beside him on the calendar today.           |
| 10:27:18   | 4  | I don't know what information was given to the               |
|            | 5  | feds for their investigation, but I find it telling that the |
|            | 6  | feds pick up three of the codefendants and leave two. They   |
|            | 7  | have done nothing with my client.                            |
| 10:27:32   | 8  | I'm unable to obtain any further information.                |
|            | 9  | I don't know how the federal government made a determination |
|            | 10 | of who was more culpable because if the federal government   |
|            | 11 | had determined that Mr. Harris had some culpability, I think |
|            | 12 | they would have swept him up as well. They did not do that.  |
| 10:28:02   | 13 | Your Honor, we need a reasonable bond that he                |
|            | 14 | can make. He is not a flight risk. He has been a member of   |
|            | 15 | the Moore County community his entire life. His wife, his    |
|            | 16 | brothers, he has had multiple family members present and who |
|            | 17 | have resided here. He's resided on Sycamore Street in        |
|            | 18 | Aberdeen for years and years and years. He has no place to   |
|            | 19 | go. Unlike the written determination that he's a flight      |
|            | 20 | risk, that's absurd.                                         |
| 10:28:29   | 21 | THE COURT: What is the status of the codefendants            |
|            | 22 | other than the United States government choosing to prosecute|
|            | 23 | them?                                                        |
| 10:28:35   | 24 | MR. BROWNBACK: I have no idea, Judge.                        |
| 10:28:37   | 25 | THE COURT: Do you know if they made bond before the          |

|  |  |  |
|---|---|---|
|  | 1 | United States government decided to prosecute them? |
| 10:28:41 | 2 | MR. BROWNBACK: I don't know, Judge. |
| 10:28:42 | 3 | THE COURT: Well, can you -- what bond do you say |
|  | 4 | your client may be able to make? |
| 10:28:55 | 5 | MR. BROWNBACK: Your Honor, the only asset that he |
|  | 6 | has is the real property located on Sycamore Street, and |
|  | 7 | there's -- he doesn't own that outright. |
| 10:29:08 | 8 | THE COURT: Who does? |
| 10:29:11 | 9 | MR. BROWNBACK: Wells Fargo. He just doesn't have |
|  | 10 | access to funds, Judge. |
| 10:29:19 | 11 | THE COURT: Does he have any equity in the house? |
| 10:29:31 | 12 | MR. BROWNBACK: Your Honor, Ms. Becky Carlson, now |
|  | 13 | Smith, said that she does have some electronic house arrest |
|  | 14 | anklets I think have been made available to her. I believe |
|  | 15 | she said that the cost of that was $225 per month. If the |
|  | 16 | Court would consider that kind of option, I'd prefer it if we |
|  | 17 | could lower the bond to something he can get a bondsman to |
|  | 18 | make a bond for, but if the Court would consider releasing |
|  | 19 | him and seeing if we can get some type of electronic house |
|  | 20 | arrest. |
| 10:30:04 | 21 | THE COURT: Anything further you wish to say at this |
|  | 22 | time? |
| 10:30:08 | 23 | MR. BROWNBACK: Judge, four months, no information. |
|  | 24 | Why are we holding him? You know, they put out press |
|  | 25 | releases the day that he was arrested, and all that went out. |

| | | |
|---|---|---|
| 10:30:17 | 1 | THE COURT: Well, wait a minute. This Court didn't |
| | 2 | put out any press releases. |
| 10:30:21 | 3 | MR. BROWNBACK: Law enforcement put out press |
| | 4 | releases the day he was arrested, and that's the only |
| | 5 | information I've gotten about what he's charged with. I have |
| | 6 | nothing else. |
| 10:30:29 | 7 | THE COURT: Haven't read the search warrant? |
| 10:30:30 | 8 | MR. BROWNBACK: I have the search warrant, Judge. |
| | 9 | We went over that the last time, and the lack of my client |
| | 10 | being mentioned anywhere in that search warrant, not |
| | 11 | surveilled, not seen with anything. |
| 10:30:40 | 12 | Your Honor, the Court on its own called up the |
| | 13 | investigating officer and asked for the best evidence that |
| | 14 | the investigating officer had. The officer said, I believe, |
| | 15 | I'm not sure, but I believe that he said that he observed the |
| | 16 | defendant driving a vehicle that was on the property that was |
| | 17 | searched. |
| 10:30:59 | 18 | But I haven't seen any other evidence much less |
| | 19 | best evidence. |
| 10:31:03 | 20 | THE COURT: Let's see what the State has to say. |
| 10:31:06 | 21 | MR. MCSWEENEY: Your Honor, State would ask, as we |
| | 22 | did at the prior session, that the bond remain the same. |
| 10:31:10 | 23 | Your Honor, the three of the codefendants have |
| | 24 | been indicted by the federal government in their initial |
| | 25 | round of indictments. |

| | | |
|---|---|---|
| 10:31:20 | 1 | THE COURT: Remind the Court what their relationship |
| | 2 | is to the defendant, if any. |
| 10:31:23 | 3 | MR. MCSWEENEY: Your Honor, one of the defendants, |
| | 4 | Lee Marvin Harris, Jr., is the son of the defendant. |
| | 5 | Mr. Lamar Seally and Christian Terry, I don't believe they |
| | 6 | are of any family relation to this defendant. |
| 10:31:43 | 7 | There was one other codefendant that was not |
| | 8 | from Moore County who has been indicted. I've been going |
| | 9 | back and forth with the U.S. Attorney's office. It is my |
| | 10 | understanding that they are not done with -- with indictments |
| | 11 | in this matter as far as additional charges, and even |
| | 12 | additional defendants. |
| 10:32:13 | 13 | Spoke with Detective Perry -- |
| 10:32:19 | 14 | THE COURT: Who is present? |
| 10:32:20 | 15 | MR. MCSWEENEY: He is present, Your Honor. There |
| | 16 | might be some additional charges or potential federal charges |
| | 17 | based on phone conversations between this defendant and other |
| | 18 | family members in regarding the evidence that was located at |
| | 19 | his residence on Sycamore Drive in Aberdeen, or Sycamore |
| | 20 | Street, based on some statements and some recorded phone |
| | 21 | calls regarding evidence that was located at his residence. |
| 10:32:55 | 22 | Your Honor, I do want to clarify one thing that |
| | 23 | Mr. Brownback referenced to the State did argue in the first |
| | 24 | motion for bond. I incorrectly told the Court that this |
| | 25 | defendant had been seen driving a vehicle that's mentioned in |

|           |    |                                                                |
|-----------|----|----------------------------------------------------------------|
|           |  1 | the search warrant, and that was located at the defendant's    |
|           |  2 | property where approximately 88 grams of powdered cocaine was  |
|           |  3 | located inside the vehicle. Again, the vehicle was             |
|           |  4 | registered to this defendant. The keys were located inside    |
|           |  5 | the residence where the vehicle was located, again, at the     |
|           |  6 | defendant's residence.                                         |
| 10:33:36  |  7 | I incorrectly stated that the defendant had                    |
|           |  8 | been seen driving that vehicle. That was -- that was not      |
|           |  9 | correct, Your Honor, so I want to make sure I clarified that, |
|           | 10 | that that was not anything that law enforcement had told me.   |
| 10:33:50  | 11 | I misinterpreted or misunderstood what the                     |
|           | 12 | officers had told me, but they in no way had said they had     |
|           | 13 | seen the defendant driving a particular Cadillac that's in     |
|           | 14 | question.                                                       |
| 10:34:01  | 15 | It is my understanding that that vehicle might                 |
|           | 16 | not be operational, but I want to make sure I clarified that   |
|           | 17 | to the Court, but nevertheless, it was a vehicle that was      |
|           | 18 | located on the property.                                        |
| 10:34:13  | 19 | THE COURT: Of the defendant?                                   |
| 10:34:14  | 20 | MR. MCSWEENEY: Of the defendant.                               |
| 10:34:15  | 21 | THE COURT: Where a trafficking amount of cocaine               |
|           | 22 | was seized?                                                     |
| 10:34:18  | 23 | MR. MCSWEENEY: Yes, Your Honor, but wanted to make             |
|           | 24 | sure I made sure that the Court, that the statement I made     |
|           | 25 | that they had seen him driving in that vehicle was not         |

|  | 1 | correct. |
|---|---|---|
| 10:34:29 | 2 | Your Honor, the State would ask -- the State |
|  | 3 | does realize, and I've had multiple conversations with the |
|  | 4 | U.S. Attorney's office and with the Southern Pines Police |
|  | 5 | Department regarding the discovery in this case, the |
|  | 6 | defendant, all the defendants have been in custody since I |
|  | 7 | believe February 20th of this year. |
| 10:34:50 | 8 | Your Honor, we would ask the bond to remain the |
|  | 9 | same. As I mentioned at the prior hearing, the defendant |
|  | 10 | does not have any prior record absent very minor traffic |
|  | 11 | infractions. |
| 10:35:03 | 12 | If Your Honor, and I believe Your Honor did |
|  | 13 | when you modified the codefendants' bonds, you did include a |
|  | 14 | provision that they be subject to electronic house arrest. I |
|  | 15 | don't believe that condition was made by Your Honor with |
|  | 16 | respect to this defendant. |
| 10:35:22 | 17 | If Your Honor is inclined to modify the bond we |
|  | 18 | would ask at the very least the defendant be subject to a |
|  | 19 | curfew and through electronic house arrest. Ms. Cameron, |
|  | 20 | Becky Cameron did mention to me yesterday that she does have |
|  | 21 | the ability to use house arrest bracelets or monitoring. I |
|  | 22 | don't know the logistics of it, Your Honor, and I believe the |
|  | 23 | fee that Mr. Brownback mentioned, $225 a month, that seems to |
|  | 24 | be what she told me it was. |
| 10:35:54 | 25 | So we would ask at a minimum to be subject to |

|  |  |  |
|---|---|---|
|  | 1 | curfew, no contact with codefendants, including his son |
|  | 2 | should his son make bond, and subject to some form of |
|  | 3 | electronic house arrest or monitoring. |
| 10:36:20 | 4 | That would be all, Your Honor. |
| 10:36:23 | 5 | THE COURT: Do you want to say anything about |
|  | 6 | Mr. Brownback's contention that he's not been provided with |
|  | 7 | any discovery? |
| 10:36:33 | 8 | MR. MCSWEENEY: And Your Honor, that is correct. |
|  | 9 | The State's -- we were coordinating with the federal |
|  | 10 | government as far as the release of discovery. The fact that |
|  | 11 | they have -- and I believe there was, as recently as |
|  | 12 | yesterday there was a detention hearing in federal court on |
|  | 13 | some of the codefendants. It is my understanding that the |
|  | 14 | discovery has not been released to those codefendants. |
| 10:37:00 | 15 | So the State, again, we are aware of our duty, |
|  | 16 | being duty bound to release discovery, and I -- I'm still |
|  | 17 | trying to coordinate with the U.S. Attorney's office to make |
|  | 18 | sure the timing is done correctly, understanding the rights |
|  | 19 | to the defendant. |
| 10:37:23 | 20 | But Mr. Brownback is correct, Your Honor, we |
|  | 21 | have not provided discovery in this matter. |
| 10:37:29 | 22 | THE COURT: Codefendants is Marvin Lee Harris, Jr.; |
|  | 23 | is that correct? |
| 10:37:34 | 24 | MR. MCSWEENEY: Lee Marvin Harris, Jr. |
| 10:37:36 | 25 | THE COURT: Lee Marvin Harris. |

| | | |
|---|---|---|
| 10:37:39 | 1 | MR. MCSWEENEY: Lamar Seally. |
| 10:37:40 | 2 | THE COURT: Say again. |
| 10:37:41 | 3 | MR. MCSWEENEY: Lamar Seally. Lisa Hanani. |
| 10:37:49 | 4 | THE COURT: Spell that. |
| 10:37:51 | 5 | MR. MCSWEENEY: H-A-N-A-N-I. Christian Terry. And |
| | 6 | Your Honor, the -- there was an additional codefendant, |
| | 7 | actually Calvin Fox, he was from Lee County, and I apologize, |
| | 8 | Your Honor, going back through my e-mails, or my |
| | 9 | correspondence with Ms. McFadden and Mr. -- and his name, |
| | 10 | Your Honor, is Gonzalo, G-O-N-Z-A-L-O, first name, last name |
| | 11 | Gomez, G.O.M.E.Z. He has also been indicted and is in |
| | 12 | federal custody. |
| 10:39:10 | 13 | THE COURT: Anything further from the State? |
| 10:39:16 | 14 | MR. MCSWEENEY: No, Your Honor, other than what I |
| | 15 | had already argued at the prior setting. At a minimum, with |
| | 16 | the cocaine that was located in the vehicle registered to the |
| | 17 | defendant at the defendant's residence, he's looking at a |
| | 18 | mandatory minimum sentence of between no less than 35 to 51 |
| | 19 | months. |
| 10:39:47 | 20 | THE COURT: All right. Did you want to say |
| | 21 | something else, Mr. Brownback? You looked like you did. |
| 10:39:53 | 22 | MR. BROWNBACK: Your Honor, I kind of do. |
| 10:39:54 | 23 | Judge, paragraph three says that this |
| | 24 | investigation began in February 2017. They don't have any |
| | 25 | information they can give to me? They have nothing? We can |

|          |    |                                                                 |
|----------|----|-----------------------------------------------------------------|
|          | 1  | just hold him for over four months without providing me a       |
|          | 2  | single thing?  I don't even know how much cocaine was           |
|          | 3  | allegedly found, just that some white powder was found.  Now    |
|          | 4  | we're hearing poundage.                                         |
| 10:40:15 | 5  | Your Honor, the attorney general's office                       |
|          | 6  | doesn't have a single thing to do with my client.  Nothing.     |
|          | 7  | They haven't exerted any jurisdiction over my client.  They     |
|          | 8  | haven't charged him.  They haven't indicted him.  Why do they   |
|          | 9  | have a say about when I get discovery?  Or better yet, when     |
|          | 10 | my client gets the discovery that's due him?  And then,         |
|          | 11 | Judge --                                                        |
| 10:40:33 | 12 | THE COURT:  Do you mean the U.S. Attorney's office?             |
| 10:40:36 | 13 | MR. BROWNBACK:  Whoever indicted the codefendants.              |
| 10:40:37 | 14 | THE COURT:  You said the attorney general.                      |
| 10:40:38 | 15 | MR. BROWNBACK:  I apologize, Judge.                             |
| 10:40:39 | 16 | THE COURT:  Well, he's got his hands full with his              |
|          | 17 | boss, I believe.  Go ahead.                                     |
| 10:40:44 | 18 | MR. BROWNBACK:  He does, Your Honor.  And then                  |
|          | 19 | hearing now that there's phone calls and perhaps coming down    |
|          | 20 | the road more charges.  Judge, we're just not privy to any of   |
|          | 21 | this.  He is 58 years old.  He's not a flight risk.  Can we     |
|          | 22 | just please get him back to his house so he can help prepare    |
|          | 23 | his defense?                                                    |
| 10:41:06 | 24 | THE COURT:  The defendant may be released upon the              |
|          | 25 | posting of a $25,000 secured bond; further, on the condition    |

|          |    |                                                                |
|----------|----|----------------------------------------------------------------|
|          | 1  | that he abide by pretrial electronic house arrest.  And as I   |
|          | 2  | understand it, one or more bonding companies have that         |
|          | 3  | ability, or whatever Ms. Carlson has, or Cameron -- isn't it   |
|          | 4  | Ms. Cameron?                                                   |
| 10:41:35 | 5  | MR. MCSWEENEY:  Yes, Your Honor, Cameron.                      |
| 10:41:36 | 6  | THE COURT:  Ms. Becky Cameron.  He's to have no                |
|          | 7  | contact directly or indirectly with codefendants Lee Marvin    |
|          | 8  | Harris, Jr., Lamar Seally, Lisa, how do you know pronounce     |
|          | 9  | her last name?                                                 |
| 10:42:01 | 10 | MR. MCSWEENEY:  I believe Hanani.                              |
| 10:42:03 | 11 | THE COURT:  H-A-N-A-N-I?                                       |
| 10:42:08 | 12 | MR. MCSWEENEY:  Your Honor, I apologize it is M-I --           |
|          | 13 | H-A-N-A-M-I, Hanami.                                           |
| 10:42:18 | 14 | THE COURT:  See how it's spelled in the search                 |
|          | 15 | warrant.                                                       |
| 10:42:22 | 16 | Last name is spelled H-A-N-A-M-I, Christian                    |
|          | 17 | Terry, Calvin Fox, Gonzalo Gomez.                              |
| 10:42:44 | 18 | Your client doesn't work anywhere, does he?                    |
| 10:42:58 | 19 | MR. BROWNBACK:  No, sir, he is a pastor, so he does            |
|          | 20 | minister to some people but he's not paid for that.            |
| 10:43:06 | 21 | THE COURT:  Does he have a need to do that after the           |
|          | 22 | 7:00 p.m. hour?                                                |
| 10:43:09 | 23 | MR. BROWNBACK:  No, sir.                                       |
| 10:43:16 | 24 | THE COURT:  Also to observe a curfew, not be away              |
|          | 25 | from his residence between 8:00 p.m. and 6:00 a.m.             |

| | | |
|---|---|---|
| 10:43:28 | 1 | MR. BROWNBACK: Thank you, Your Honor. |
| 10:43:29 | 2 | THE COURT: All right. |
| 10:43:34 | 3 | MR. MCSWEENEY: September 4th, Your Honor. |
| 10:43:36 | 4 | THE COURT: September the 4th the D.A. says is the |
| | 5 | next court date, Mr. Brownback. |
| 10:43:44 | 6 | MR. BROWNBACK: I'm sorry, Your Honor? |
| 10:43:45 | 7 | THE COURT: I understand the D.A. said next court |
| | 8 | date is September 4th. |
| 10:43:49 | 9 | MR. BROWNBACK: Thank you, Your Honor. Thank you. |

```
 1                    CERTIFICATION OF TRANSCRIPT
 2
 3
 4
 5            This is to certify that the foregoing transcript of
 6    proceedings taken at the July 10, 2018 Session of the Moore
 7    County Superior Court is a true and accurate transcript of
 8    the proceedings taken by me and transcribed by me.  I further
 9    certify that I am not related to any party or attorney, nor
10    do I have any interest whatsoever in the outcome of this
11    action.
12            This the 7th day of October, 2018.
13
14    _____
15    CYNTHIA L. HALL, RPR
      Official Court Reporter 19D
```